**Ripsik KESHISHIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73046.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2006.

Decided Sept. 12, 2006.

446

Ripsik Keshishian, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Washington, DC, for Respondent.

Before: KOZINSKI, O'SCANNLAIN and BYBEE, Circuit Judges.

## MEMORANDUM *

1. Keshishian's removal order is final and thus reviewable. *See* 8 U.S.C. § 1252. Even though the immigration judge granted relief under the Convention Against Torture ("CAT"), CAT relief does not prevent execution of a removal order; it only bars removal to the country from which removal has been withheld or deferred. *See* 8 C.F.R. § 208.16(f). Further, Keshishian's removal order became final "[u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). We thus have jurisdiction to review her petition.

2. The immigration judge correctly found petitioner to be "vague and unresponsive" as to two issues that went to the heart of her claim. First, Keshishian did not provide adequate details about the weapons being produced—at one point claiming that the weapons were bombs when she had previously testified they were guns. When asked to resolve this inconsistency, she was unresponsive. Second, Keshishian gave inconsistent testimony about why the government detained her. She first testified that she told her interrogators she was unwilling to work in the factory for health reasons. When asked if the interrogators said she would be killed for being against the government, Keshishian "provided two unresponsive answers and finally the third time that the same question was asked, [she] indicated that, yes, her interrogators did tell her." The immigration judge asked several follow-up questions to determine whether her resistance was political or health-based, and correctly concluded that Keshishian "was unresponsive in her answers to this question." Because the immigration judge "offer[ed] a specific, cogent reason for any stated disbelief"—indeed, she offered several such reasons—substantial evidence supports the adverse credibility finding. *Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000) (quoting *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998)).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

3. In light of the credibility finding, the immigration judge reasonably found "insufficient evidence to show that ... [Keshishian] would have a well-founded fear of persecution." The judge further found that, even assuming that Keshishian's testimony was credible, "her treatment at Abadan prison did not reach a level that is described in the case law as being persecution." And, except for a general country conditions report, Keshishian provided no extrinsic evidence. We have held that "if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000). Substantial evidence thus supports the immigration judge's denial of asylum, and we are not "compelled to conclude to the contrary." 8 U.S.C. 1252(b)(4)(B).

**PETITION DENIED.**